ROLF BERIGAN *v.* STATE OF MARYLAND

[No. 18, September Term, 1967.]

*Decided January 5, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Eugene J. Fitzpatrick* for appellant.

*Anthony Carey, Assistant Attorney General (Francis B. Burch, Attorney General, Edward L. Blanton, Jr., Assistant Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County, and James F. Tomes, Assistant State's Attorney for Montgomery County,* on the brief) for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The appellant was convicted of grand larceny on October 24, 1966, in the Circuit Court for Montgomery County by Judge Kathryn J. Shook, sitting without a jury, and sentenced to a term of five years in the Maryland Penitentiary. His principal contention on this appeal is that his arrest was unlawful and that all tangible evidence seized from him as a result thereof was erroneously admitted into evidence over his timely objection.

The evidence adduced at the trial established that on July 13, 1966, the appellant encountered Mrs. Helen Doherty and her niece at lunch in a restaurant in Washington, D.C. A conversation ensued, as a result of which appellant was invited to a dinner party that evening at Mrs. Doherty's home in Montgomery County. Appellant arrived at the Doherty home at about 6:00 p.m. and spent some time in the house alone while Mrs. Doherty and the other guests congregated about the backyard swimming pool. When Mrs. Doherty came in to prepare dinner, the appellant excused himself, indicating that he had suddenly remembered a prior engagement downtown. Later that even-

ing, it was discovered that various items of personal property, including a camera and light meter, a wrist watch, a diamond ring, other jewelry, and $175.00 in cash, were missing.

Acting on information received, Detective Nelson Thayer of the Montgomery County Police obtained an arrest warrant for appellant, charging him with grand larceny. Thayer testified that with the Maryland warrant in his possession, he went to the Washington Hilton Hotel in the District of Columbia where, at 5:00 a.m. on the morning of July 14, he met with a District detective, showing him the warrant at that time; that the officers, together with the manager of the hotel, then proceeded to appellant's room where the manager knocked on the door "in an effort to wake him [appellant] up"; and that thereafter the manager "opened his room and demanded his money for the hotel room," at which time the officers entered appellant's room and told him that he was under arrest "as a fugitive from the State of Maryland." The stolen camera and light meter were immediately observed by the officers in the room and seized, following which they ordered appellant to get dressed, took him to a District precinct station, searched his person, and seized therefrom the remainder of the articles stolen from Mrs. Doherty's home.

Appellant contends that his arrest was illegal for failure of the arresting officers to give notice of their purpose and authority before breaking into his hotel room, and that the search conducted incident to such unlawful arrest was likewise illegal. The State contends, on the other hand, that the arresting officers had an arrest warrant in their possession and were justified in using any means available to them in order to effect appellant's arrest pursuant to the terms of the warrant. On the record before us, we agree with appellant that his arrest was illegal and that the tangible fruits thereof should not have been received in evidence at his trial.

It is, of course, clear that the legality of appellant's arrest must be determined by applying the law of the District of Columbia, the jurisdiction in which it was made. See *Miller v. United States*, 357 U. S. 301; *United States v. Di Re*, 332 U. S. 581; *Stanley v. State*, 230 Md. 188. It is equally plain that a warrant of arrest issued in Maryland may not lawfully be exe-

cuted in the District of Columbia for the Maryland warrant has no validity beyond the boundaries of the State; and we perceive this to be the law of the District of Columbia. See 5 Am. Jur. 2d *Arrest,* Sections 18-21. Since, however, peace officers in the District of Columbia may, under that jurisdiction's law, arrest without a warrant where they have probable cause to believe that a felony has been committed, *Wrightson v. United States,* 222 F. 2d 556, we think that the knowledge of the District officers that a Maryland felony warrant was outstanding for appellant provided them with probable cause to arrest appellant without a warrant. See *St. Clair v. State,* 1 Md. App. 605; *People v. Webb,* 424 P. 2d 342 (Calif.) ; *United States v. Yant,* 373 F. 2d 543 (6th Cir.).

The law of the District of Columbia, like that of Maryland (see *Henson v. State,* 236 Md. 518) provides, in effect, that a peace officer lawfully seeking to arrest an individual in a house (or, as here, in his hotel room), either by authority of an arrest warrant or under circumstances making a warrant unnecessary, must give proper notice of his purpose and authority, and be denied admittance, before he can use force to break and enter to effectuate the arrest. See *White v. United States,* 346 F. 2d 800; *Accarino v. United States,* 179 F. 2d 456; *Reid v. United States,* 201 A. 2d 867 (D. C. Mun. App.).[1] This rule is not, however, without qualification or exception, so that as noted in *Henson,* an announcement and demand are not requisite where the facts make it evident that the officers' purpose is known or where such announcement and demand would likely frustrate the arrest, increase the peril of the arresting officer, or permit the destruction of evidence. See also *Ker v. California,* 374 U. S. 23. We think the law of the District of Columbia is essentially the same as that delineated in *Henson,* and that similar exceptions to the general rule would be recognized in that jurisdiction. See *Miller v. United States, supra,*

---

1. The Supreme Court in *Miller* held at page 306 that the law of arrest without a warrant in the District of Columbia is governed by "criteria identical with those embodied in 18 U.S.C., Section 3109, which deals with entry to effect a search warrant." That Section provides, in part, that an officer may break a door only if "after notice of his authority and purpose, he is refused admittance."

at page 309; *Accarino v. United States, supra,* at page 464, recognizing that an officer may break a door if "the necessities of the moment require"; and *Reid v. United States, supra,* applying such an exception in a narcotics case where it was shown that the officers had reason to believe that the evidence would be destroyed if they gave prior notice of their purpose and authority.

It is clear from the record before us that the police did not give any notice of their purpose and authority before entering appellant's room to arrest him. That the hotel manager's knock on the door in an effort to awaken appellant does not constitute the requisite prior notice by police is too plain to require discussion. And while it is true that the officers did not themselves break open the door to appellant's room, we believe their entry into his room on the heels of the hotel manager must be considered the equivalent of a breaking under the circumstances of this case.[2] See *Munoz v. United States,* 325 F. 2d 23 (9th Cir.), *Dickey v. United States,* 332 F. 2d 773 (9th Cir.), and *United States v. Sims,* 231 F. Supp. 251 (D. C. Md.), each case noting, in effect, that entry into the arrestee's hotel room by use of a passkey obtained from the room clerk amounted to a breaking. Since under the law of the District of Columbia, an entry to execute a warrant cannot be made by force unless the officers first give notice of their purpose and authority, and this is so even where the officers knock but receive no response, *Woods v. United States,* 240 F. 2d 37, and treating the offi-

---

2. The record does not establish the means by which the hotel manager opened the door to appellant's room, *viz.,* whether by passkey, by other means, or even whether the door was locked. It is clear, however, that appellant did not open the door. Neither does the record show how much time elapsed after the hotel manager knocked on the door before entry was made. We think it evident that the hotel manager was not actually trying to collect an overdue bill from appellant at 5:00 a.m. in the morning, but was in reality assisting the police to effectuate appellant's arrest. The record would, in no event, support a conclusion that the hotel manager, in entering appellant's room, was acting independently of the police, and that the entry by police was totally disassociated with the manager's purpose in opening the door to appellant's room.

cers' entry into appellant's room as an illegal entrance, *Stoner v. California*, 376 U. S. 483, we must find the arrest unlawful unless the failure of the officers to give the requisite notice may be excused because of exigent or necessitous circumstances justifying an exception to the rule.

The State did not at trial, nor does it now, claim any such exigent circumstances, its case being bottomed entirely upon the erroneous theory that the officers, having an arrest warrant in their possession, were authorized to break into appellant's room by any means available to make the arrest and without any announcement of their purpose or authority. As we have indicated, the law, both of Maryland and the District of Columbia, is otherwise. In any event, there is no evidence to indicate any reason to justify the failure of the officers to give appellant notice before they entered his room. Nothing in the trial record indicates that appellant knew of their arrival and purpose. Similarly, there is nothing in the record to indicate that the appellant would have been able to escape had he known of their presence (it was not shown on which floor of the hotel the appellant's room was located, nor was there any evidence to indicate whether a window or fire escape existed which would have facilitated appellant's escape). There was no evidence that appellant was expected to be armed or was dangerous so as to justify a surprise entry to insure the officers' safety. See *State v. Hill*, 2 Md. App. 594 (footnote 3). Nor was there evidence that the appellant could have quickly or easily destroyed tangible evidence, the stolen articles in this case being a camera, a light meter, and various items of jewelry, as opposed to the narcotic paraphernalia usually made the subject of an exception based on the probability of evidence being destroyed.[3] See *Henson v. State, supra*. In short, therefore, the record, is entirely silent as to the reason, if any, for the officers' unannounced entry into appellant's hotel room at five o'clock in the morning. In the absence of any such evidence establishing "exigent circumstances," we think that the law of the District of Columbia, which must be here applied, compels the conclusion that appel-

---

**3.** It is, of course, possible to dispose of some of these articles by flushing them away in the toilet. No such apprehensions by police were, however, voiced in the testimony.

672

lant's arrest was unlawful, and requires that all tangible evidence seized after, and as a result of such arrest, must be held inadmissible in evidence.

*Judgment reversed and case remanded for a new trial.*