## Richmond

GORDON ARTHUR CROWDER V. COMMONWEALTH OF VIRGINIA.

September 1, 1972.

Record No. 7931.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*William A. Dervishian*, for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Gordon Arthur Crowder was arrested in Richmond on December 4, 1970 by Virginia State Trooper L. W. Burchett. Trooper Burchett had been conducting undercover investigation in the narcotics field in the Richmond-Petersburg area, and had personal knowledge at the time that there were two outstanding felony warrants in Petersburg for the arrest of defendant. Following his arrest defendant was taken to Richmond police headquarters where he was routinely processed and searched, at which time LSD was found in his possession. Upon the basis of this evidence he was then arrested for possessing a controlled drug within the jurisdiction of the court below, was subsequently indicted and convicted. He appeals the conviction, alleging that his arrest by Burchett was unlawful, and that therefore the evidence obtained in the search of him that followed should have been suppressed.

The sole issue involved here is the validity of the arrest by the state trooper. Defendant's position is that in order for his arrest in Richmond to have been lawful the warrants issued in Petersburg should have been presented to a magistrate of Richmond for endorsement.

He relies upon that portion of Code § 19.1-94 which reads as follows:

"If a person charged with an offense shall, after or at the time the warrant is issued for his arrest, escape from or out of the county or corporation in which the offense is alleged to have been committed, the officer to whom the warrant is directed may pursue and arrest him anywhere in the State; or any person authorized to issue process under § 19.1-90, of a county or corporation other than that in which the warrant was issued, on being satisfied of the genuineness thereof, may endorse thereon his name and official character, and such endorsement shall operate as a direction of the warrant to an officer of such endorser's county or corporation."

The Attorney General argues that the language of the statute concerning an endorsement is discretionary and not mandatory, and that a fair reading of the entire statute indicates that when an arrest warrant has been issued and the accused thereafter removes himself from the jurisdiction in which the alleged crime was committed, the officer to whom the warrant is directed may pursue and arrest the accused anywhere in the state.

It is unnecessary that we resolve this issue for, in the case at bar, Trooper Burchett was not effecting an arrest with a warrant. His probable cause for the arrest was his own personal knowledge that defendant had been charged with the commission of two felonies in Petersburg, and that felony warrants had been issued for his arrest and were outstanding at that time.

By virtue of his appointment as a state police officer, Burchett was vested with the powers of a sheriff for the purpose of enforcing all the criminal laws of the state. The exercise of these powers is not confined to any one jurisdiction. Code § 52-8.

It is well settled that a police officer may arrest, without a warrant, one whom he has reasonable grounds or probable cause to suspect of having committed a felony, even though the crime is not com-

mitted in his presence. It has also been held that an officer has probable cause, and indeed the legal duty, to arrest upon knowledge of the existence of an unexecuted felony warrant for the suspect. *Mullins v. Sanders*, 189 Va. 624, 54 S. E. 2d 116 (1949); *Palmer* v. *Commonwealth*, 143 Va. 592, 130 S. E. 398 (1925).

In *Berigan* v. *State*, 2 Md. App. 666, 668-69, 236 A. 2d 743, 744-45 (1968) the court observed:

> "It is equally plain that a warrant of arrest issued in Maryland may not lawfully be executed in the District of Columbia for the Maryland warrant has no validity beyond the boundaries of the State. . . . Since, however, peace officers in the District of Columbia may, under that jurisdiction's law, arrest without a warrant where they have probable cause to believe that a felony has been committed . . ., we think that the knowledge of the District officers that a Maryland felony warrant was outstanding for appellant provided them with probable cause to arrest appellant without a warrant."

Code § 19.1-100 provides for an arrest without a warrant in certain cases. Police officers of the Commonwealth are authorized to arrest "without a warrant, persons duly charged with a crime in another jurisdiction upon receipt of a telegram, a radio or teletype message, in which . . . shall be given the name or a reasonably accurate description of such person wanted, the crime alleged and an allegation that such person is likely to flee the jurisdiction of the Commonwealth."

In the instant case the officer was acting on personal knowledge of the existence of felony warrants commanding the arrest of defendant. It would be a strained construction of the law to vitiate an arrest made under such circumstances, notwithstanding a statute which permits the arrest had the required information and allegation come to him by radio, telegram or teletype.

It is clear that Trooper Burchett had the authority to make an arrest in the City of Richmond, and had probable cause to arrest defendant for the felonies committed in the City of Petersburg. The evidence obtained from the person of defendant following his lawful arrest was properly admitted in evidence.

The judgment of the lower court is

*Affirmed.*