641 So.2d 840 (1994)
Ex parte Joseph MORGAN.
(Re Joseph Morgan v. State).
1921253.
Supreme Court of Alabama.
April 22, 1994.
*841 Michael A. Dasinger, III of Hoiles & Dasinger, P.C., Robertsdale, for petitioner.
James H. Evans, Atty. Gen., and Gail I. Hampton, Asst. Atty. Gen., for respondent.
KENNEDY, Justice.
We granted certiorari review in order to determine whether the certain evidence seized following a warrantless arrest was admissible.
The defendant, Joseph Morgan, was found guilty of kidnapping in the first degree, possession of obscene material, two counts of enticement, and indecent exposure. At trial, Morgan argued that his arrest was improper and that evidence found following that arrest was inadmissible because of the "fruit of the poisonous tree" doctrine. The Court of Criminal Appeals affirmed the conviction, holding that the defendant's arrest was proper and that evidence found pursuant to that arrest was admissible.
The Court of Criminal Appeals set out the facts in Morgan v. State, 641 So.2d 834 (Ala. Cr.App.1992). However, we feel it necessary to recite the facts as found by that court in order to better present the issue in this case:
"The record indicates that, during approximately a 4-week period, 10 or more incidences of sexual enticement and sexual abuse of young females, varying in age from 2½ years old to 11 years old, occurring in Foley and Gulf Shores were reported to the Gulf Shores Police Department and the Baldwin County Sheriff's Department. Although the offender's modus operandi varied among the incidences, the victims' descriptions generally identified a heavyset white man, 40 to 50 years old, balding with grayish hair. They said the man was driving a small gray automobile. According to the victims, the man tended to expose himself before enticing them. Pursuant to the investigation, a composite drawing was made and distributed, and a `be-on-the-lookout' alert was issued throughout the area.
"During the time that the incidences were being reported, an officer observed a small gray car in the area of two of the reported incidences, and he recorded the vehicle's tag number. On the same day, another officer stopped the same vehicle in the area of another of the incidences, because it met the description of the suspect's car. Approximately a week later, another officer observed the car parked at the Beach Port Resort Motel, formerly the Passport Inn, in Gulf Shores, Alabama. Approximately two weeks later, law enforcement agents from Santa Rosa County, Florida, contacted the Gulf Shores Police Department concerning a man who was wanted on charges of sexual battery in Santa Rosa County. Two warrants were issued for the man's arrest. The Florida officers also informed the Gulf Shores Police Department that the man was on probation in Florida. They requested assistance in locating the subject and had as his last known address the Beach Port Resort Motel.
"On the day of the arrest, a lieutenant with the Santa Rosa County Sheriff's Department, who had the warrants from Florida, an F.B.I. officer from Pensacola, Florida, an officer from the Pensacola Police Department, an F.B.I. officer from Mobile, an agent with the United States Customs Service, officers from the Gulf Shores Police Department, and officers from the Baldwin County Sheriff's Department all drove to the Beach Port Resort Motel. The appellant did not consent to the officers' request to enter the room and conduct a search. However, he admitted the officers when the lieutenant from the Santa Rosa County Sheriff's Department informed [him] that he had a warrant for sexual battery out of Santa Rosa County against him. However, a sergeant with the Gulf Shores Police Department arrested [Morgan] for being a fugitive from justice based on the Florida warrants. The State concedes that the officers did not have a fugitive from justice warrant, required by § 15-9-40, Code of Alabama 1975. [Morgan] was taken to the police station in Gulf Shores and was subsequently *842 jailed in the Baldwin County jail in Bay Minette.
"While the Alabama officers were in [Morgan]'s motel room, they observed a number of items that had been described by the Alabama victims when they were recounting the circumstances of the offenses. The Alabama officers then procured a search warrant and recovered the following items of evidence: a camcorder, a yellow striped shirt, shorts, boxes of assorted candy under the bed, a tag receipt for a gray four-door 1989 Chevrolet Cavalier automobile, 14 magazines containing pictures of nude children, photographs depicting oral sex, letters and photographs from Sweden, a letter ordering `video naturists' cassettes, pamphlets containing photographs of nude children, a Polaroid camera, two road maps, an electric massager, a nudist park guidebook, books entitled Deviant Psyche and The Perfect Victim, a 13-day-old newspaper that had the picture of the composite drawing of the suspect in these cases, a bottle of Grecian Formula hair color, a video cassette recorder, a pair of gray slacks, and a baseball hat with the logo `Sunburst Resort.' The following morning, the Alabama officials obtained a fugitive from justice warrant."
641 So.2d at 835-36.
Morgan moved to suppress the evidence found in his hotel room, arguing that it had been obtained upon an illegal warrantless arrest. The trial court denied the motion and admitted the evidence.
The Court of Criminal Appeals held that the police had arrested Morgan for being a fugitive from justice, but had failed to obtain a fugitive from justice warrant required by § 15-9-40, Ala.Code 1975. Under § 15-9-41, an officer may arrest a person without a warrant upon reasonable information that the person is charged with a crime punishable by death or by life imprisonment in another state. Here, even though Morgan was charged in Florida with crimes that were punishable by life imprisonment, the police, at the time of Morgan's arrest, were unaware that the charges were punishable by life imprisonment, according to the Court of Criminal Appeals. Nevertheless, the Court of Criminal Appeals held that sufficient probable cause existed to arrest Morgan for sexual offenses occurring in Alabama, and, therefore, that the warrantless arrest and subsequent search were proper.
Morgan argues that the warrantless arrest was invalid under § 15-9-40 and § 15-9-41. Morgan contends that the officers saw certain incriminating material in "plain view" when they arrested him and that part of their basis for the subsequent search warrant was the material that they had seen during the illegal arrest. On the premise that the arrest was invalid, Morgan further argues that the subsequent search and seizure of evidence inside his motel room were illegal and that the evidence was therefore inadmissible as "fruit of the poisonous tree."
We agree that the warrantless arrest was invalid; it did not meet the requirements of § 15-9-40 and § 15-9-41, because the police did not have a fugitive from justice warrant before making the arrest and did not know before the arrest that the crimes Morgan was charged with were punishable by life imprisonment. However, the Court of Criminal Appeals held that under the facts of this case probable cause alone was enough to justify the warrantless arrest and the subsequent search. That holding is incorrect.
The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The United States Supreme Court held in Vale v. Louisiana, 399 U.S. 30, 34-35, 90 S.Ct. 1969, 1971-72, 26 L.Ed.2d 409 (1970), that a warrantless search of a home cannot be justified on probable cause alone. The exception to the requirement of a search warrant is the existence of probable cause and exigent circumstances. Payton. The protection against warrantless searches and seizures in regard to a dwelling has been extended to motel rooms. United States v. Diaz, 814 F.2d 454 (7th Cir.1987), cert. denied, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987).
*843 On these facts, we must conclude that the State failed to show that the search and seizure were justified by probable cause plus exigent circumstances. However, the search and seizure in this case fall under the protection of the "good faith" exception to the Fourth Amendment exclusionary rule. The good faith exception provides that evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a warrant issued by a neutral and detached magistrate need not be excluded from the State's case-in-chief even if the warrant is ultimately found to be invalid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The officers' reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant the magistrate issued must be objectively reasonable. Leon.
"[]The exclusionary rule [of the Fourth Amendment] is neither intended nor able to `cure the invasion of the defendant's rights which he has already suffered,'" but rather "operates as `a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect [of preventing subsequent police misconduct].' " Leon, 468 U.S. at 906, 104 S.Ct. at 3412. The deterrent effect must be balanced against the "substantial social cost" the rule imposes. Leon, 468 U.S. at 907, 104 S.Ct. at 3412.
"[W]hen law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred [by the exclusionary rule] on such guilty defendants offends basic concepts of the criminal justice system."
Leon, 468 U.S. at 908, 104 S.Ct. at 3412.
In a more recent case, the United States Supreme Court, found no Fourth Amendment violation when police made a warrantless search of an apartment based on their reasonable belief that they had valid consent to search, when in fact they did not. Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In Rodriguez, the officers interviewed an assault complainant who referred to the defendant's apartment as "our" apartment and who had a key to the apartment. The officers never sought a search warrant and discovered only later that the complainant had no common authority over the apartment but had merely been an infrequent visitor there. The Supreme Court held that despite the failure to obtain a warrant or to determine who had a possessory interest in the apartment, the evidence seized in the search would be admissible if, in light of all the circumstances, the officers' belief that they had consent was objectively reasonable. Rodriguez.
In this case, a Florida law enforcement official had two Florida warrants in his possession at the time of the arrest. It is clear from the record that the arresting officer knew that Morgan had been charged with sexual battery in Florida, that he had seen the Florida warrants, and that the Florida warrants were in the possession of the Florida officer at the scene. Under § 15-9-40, the Florida warrants, if properly authenticated, would serve as a basis for a fugitive from justice warrant. The day following Morgan's arrest, a valid fugitive from justice warrant was issued. Here, an objective officer could have reasonably relied upon the two Florida warrants in the possession of a Florida law enforcement official present at the arrest scene to conduct the warrantless arrest.
Based on the foregoing, we conclude that while the arrest was invalid, the exclusionary rule is not applicable, and we therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL, INGRAM and COOK, JJ., concur.
HOUSTON, J., concurs in the result.
ALMON, J., dissents.
HOUSTON, Justice (concurring in the result).
I concur in the result. Judge Bowen, presiding judge of the Court of Criminal Appeals, concurred in the result. I think Judge Bowen's opinion concurring in the result concisely and correctly analyzes and applies the law to the facts of this case.
*844 ALMON, Justice (Dissenting).
Because the police obtained an Alabama warrant to search Morgan's motel room on the basis of information acquired when they arrested him in his motel room, the admissibility of the evidence they acquired during the later search rests on the lawfulness of the arrest and the reasonableness of the conduct of the police.
I agree that the Court of Criminal appeals erred in holding that the warrantless entry into Morgan's motel room and his arrest in that room were lawful simply on the basis that the arresting officers had probable cause to believe that he had committed sexual offenses in Alabama. I disagree, however, with the majority's conclusion that the exclusionary rule does not apply in the circumstances of this case. I would hold that the Florida warrants, on which the majority says the police were entitled to rely, were facially invalid in Alabama and that the police officers in this case could not have reasonably relied on them in good faith. See United States v. Leon, 468 U.S. 897, 925-26, 104 S.Ct. 3405, 3421-22, 82 L.Ed.2d 677 (1984).
The arrest warrants were Florida arrest warrants, which could not be executed validly in Alabama. Although a valid arrest warrant issued in a foreign jurisdiction may serve to establish probable cause for a warrantless arrest or the issuance of a warrant, it is not itself valid beyond the boundaries of the jurisdiction in which it was issued. E.g., People v. Rivers, 727 P.2d 394 (Colo.App. 1986); Berigan v. State, 2 Md.App. 666, 669, 236 A.2d 743, 745 (1968). It is fundamental that "[a] warrant of arrest issued in one state may not be executed in another state, for it has no validity beyond the boundaries of the state by whose authority it was issued." 5 Am.Jur.2d Arrest § 20, at 711 (1962); Annotation, Territorial Extent of Power of Arrest Under a Warrant, 61 A.L.R. 377, 380 (1929); 6A C.J.S. Arrest § 53(a) (1975); see §§ 15-9-30 through -49, Alabama Code 1975; see also Street v. Cherba, 662 F.2d 1037 (4th Cir. 1981); State v. Everett, 110 Ariz. 429, 431, 520 P.2d 301, 303 (1974), cert. denied, 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120 (1974); State v. Lyrek, 385 N.W.2d 248 (Iowa 1986); Berigan, 2 Md.App. at 668-69, 236 A.2d at 744-45; Holbird v. State, 650 P.2d 66 (Okla. Crim.App.1982); State v. Lee, 48 Wash.App. 322, 738 P.2d 1081 (1987); cf. §§ 15-10-10 and -11 and 15-7-3 and -4, Ala.Code 1975; Barnes v. State, 337 So.2d 22, 29 (Ala.Crim. App.1976) (DeCarlo, J., dissenting); Wilson v. State, 99 Ala. 194, 13 So. 427 (1893).
The group of officers who arrested Morgan included officers from county and municipal law enforcement agencies in Florida and Alabama, the Federal Bureau of Investigation, and the United States Customs Service. To say that such a group of law enforcement officers could reasonably conclude that a foreign warrant had validity in Alabama and that a fugitive warrant was not necessary to arrest Morgan in his motel room is simply not supportable. The very face of these warrants would have given the law enforcement officers notice that they were invalid in Alabama.
The Fourth Amendment prohibits a law enforcement officer from entering a private residence without a warrant to make a routine felony arrest, absent probable cause and exigent circumstances. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).[1] It is a basic principle of Fourth Amendment law that searches and seizures inside a private residence without a warrant are presumptively unreasonable, Welsh, 466 U.S. at 749, *845 104 S.Ct. at 2097; Coolidge v. New Hampshire, 403 U.S. 443, 474-75, 91 S.Ct. 2022, 2042-43, 29 L.Ed.2d 564 (1971), and that the State has the burden of demonstrating exigent circumstances to rebut this presumption, Welsh, 466 U.S. at 750, 104 S.Ct. at 2097; Payton, 445 U.S. at 586, 100 S.Ct. at 1380. The United States Supreme Court has recognized only a few categories of exigent circumstances justifying a warrantless search and seizure inside a private residence. E.g., United States v. Santana, 427 U.S. 38, 42-43, 96 S.Ct. 2406, 2409-10, 49 L.Ed.2d 300 (1976) (hot pursuit of a fleeing felon); Schmerber v. California, 384 U.S. 757, 770-71, 86 S.Ct. 1826, 1835-36, 16 L.Ed.2d 908 (1966) (destruction of evidence); Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486 (1978) (ongoing fire). This Fourth Amendment protection from warrantless search and seizure has been extended to motel rooms. United States v. Diaz, 814 F.2d 454 (7th Cir.1987), cert. denied, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987); see United States v. Bulman, 667 F.2d 1374 (11th Cir.) (for purpose of evaluating legality of a warrantless arrest, occupant of a motel room had an expectation of privacy in the room itself equivalent to that of a homeowner in his dwelling), cert. denied sub nom. Howard v. United States, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982). Because the State did not meet its burden of demonstrating exigent circumstances to justify a warrantless arrest of Morgan in his motel room, the State may not rely on this as a basis on which to introduce the evidence offered against Morgan.
Because the law enforcement officers did not have a fugitive from justice warrant, § 15-9-40, Ala.Code 1975, or other Alabama arrest warrant and because there is no showing of exigent circumstances to justify a warrantless entry into Morgan's motel room and his arrest there, the majority proposes to affirm the judgment of conviction on the basis of the "good faith" reasonable reliance exception to the exclusionary rule recognized by the United States Supreme Court in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The majority holds that the "fruit of the poisonous tree" doctrine does not exclude the evidence later obtained under warrant from Morgan's motel room because under Leon the arresting officers reasonably relied in "good faith" on the Florida arrest warrants to enter Morgan's motel room without his consent and arrest him.
I disagree with this extension of the "good faith" reasonable reliance exception of Leon. Not only are the facts of this case materially distinguishable from those of Leon, but the considerations of public policy that underlie the holding in Leon in no way support its application here.
In Leon, the United States Supreme Court substantially limited the exclusionary rule, holding that evidence obtained by law enforcement officers acting in reasonable reliance on a search warrant, which was issued by a detached and neutral magistrate but ultimately found to be defective, should not be excluded from the prosecution's case-in-chief. The Court reasoned that because of the high social costs of its application, the exclusionary rule should apply only in circumstances where it clearly serves its purpose of deterring police misconduct. Because it was the magistrate in Leon that erred in issuing the search warrant and because the police were entitled to reasonably rely in good faith on the sufficiency of the warrant issued by a detached and neutral judicial official, the Court concluded that the exclusionary rule should not apply because its application in those circumstances would not clearly deter police misconduct. Because the police in Leon reasonably relied in good faith on the defective search warrant issued by the magistrate, the Court held that the evidence obtained under the defective search warrant had been properly admitted.
Although courts applying the Leon doctrine have interpreted it broadly in cases of its kind, its application has been limited to the issuance of search warrants. E.g., United States v. Warner, 843 F.2d 401 (9th Cir. 1988); United States v. Alvarez, 810 F.2d 879 (9th Cir.1987) (Leon does not apply to warrantless searches); United States v. Whiting, 781 F.2d 692, 698 (9th Cir.1986) ("good faith" exception of Leon not applicable beyond warrant context); United States v. Morgan, 743 *846 F.2d 1158 (6th Cir.1984) (rejecting application of Leon to a warrantless home arrest), cert. denied, 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985).
Unlike Leon, this case does not concern the propriety of the issuance of a search warrant by a detached, independent magistrate and the reasonableness of a police officer's reliance thereon. The Fourth Amendment violation in Leon lay in the magistrate's improper issuance of a search warrant, not, as in this case, in the improper execution of two out-of-state arrest warrants. A key premise of the reasonableness of the reliance in Leon was the existence of an independent, detached magistrate on whose determinations, the Court said, the police were entitled to reasonably rely, even though mistaken. No such premise exists in the circumstances of this case.
The Court in Leon unambiguously stated that the exclusionary rule should be applied only in those circumstances where it is clear that its application will deter police misconductnegligent, as well as wilful, misconduct. 468 U.S. at 919, 104 S.Ct. at 3418. The nonconsensual entry of Morgan's motel room in Alabama on the basis of the two Florida arrest warrants was unreasonable and negligent. Furthermore, it is clear that the application of the exclusionary rule in the circumstances of this case would deter law enforcement personnel from similar violations of the Fourth Amendment. Therefore, in accordance with the reasoning of Leon, I think the exclusionary rule should apply to exclude the evidence obtained during the unlawful entry of Morgan's motel room.
The United States Supreme Court has made it clear that the Fourth Amendment does not require the judgments of police officers to be correct; it only requires them to be reasonable. Illinois v. Rodriguez, 497 U.S. 177, 185-86, 110 S.Ct. 2793, 2800, 111 L.Ed.2d 148 (1993); Leon, 468 U.S. at 918-26, 104 S.Ct. at 3418-23. Any belief on the part of police that in the circumstances of this case they had authority on the basis of two Florida arrest warrants to enter Morgan's motel room in Alabama without his consent was simply unreasonable.
I conclude that the trial judge should have granted Morgan's motion to suppress the evidence seized in the motel room. Therefore, the Court of Criminal Appeals erred in affirming the conviction; because I would reverse that court's judgment, I respectfully dissent.
NOTES
[1] The Fourth Amendment, however, does not require that a warrantless arrest in public rest upon the existence of exigent circumstances as well as probable cause. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); United States v. Hoyos, 892 F.2d 1387 (9th Cir.1989), cert. denied, 498 U.S. 825, 111 S.Ct. 80, 112 L.Ed.2d 52 (1989) (warrantless and nonconsensual entry into suspect's home to make a routine felony arrest is prohibited; however, warrantless arrest of suspect in "public place" does not violate Fourth Amendment); Daniels v. State, 534 So.2d 628 (Ala.Crim.App.1985), aff'd, 534 So.2d 656 (Ala.1986), cert. denied, 479 U.S. 1040, 107 S.Ct. 898, 93 L.Ed.2d 850 (1987). The analysis here would differ greatly if the law enforcement officers in this case had waited to arrest Morgan after he left his motel room. Waldrop v. State, 462 So.2d 1021 (Ala.Crim.App.), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1984).