Because the police obtained an Alabama warrant to search Morgan's motel room on the basis of information acquired when they arrested him in his motel room, the admissibility of the evidence they acquired during the later search rests on the lawfulness of the arrest and the reasonableness of the conduct of the police.
I agree that the Court of Criminal appeals erred in holding that the warrantless entry into Morgan's motel room and his arrest in that room were lawful simply on the basis that the arresting officers had probable cause to believe that he had committed sexual offenses in Alabama. I disagree, however, with the majority's conclusion that the exclusionary rule does not apply in the circumstances of this case. I would hold that the Florida warrants, on which the majority says the police were entitled to rely, were facially invalid in Alabama and that the police officers in this case could not have reasonably relied on them in good faith. See United States v. Leon, 468 U.S. 897,925-26, 104 S.Ct. 3405, 3421-22, 82 L.Ed.2d 677 (1984).
The arrest warrants were Florida arrest warrants, which could not be executed validly in Alabama. Although a valid arrest warrant issued in a foreign jurisdiction may serve to establish probable cause for a warrantless arrest or the issuance of a warrant, it is not itself valid beyond the boundaries of the jurisdiction in which it was issued. E.g., People v. Rivers,727 P.2d 394 (Colo.App. 1986); Berigan v. State,2 Md. App. 666, 669, 236 A.2d 743, 745 (1968). It is fundamental that "[a] warrant of arrest issued in one state may not be executed in another state, for it has no validity beyond the boundaries of the state by whose authority it was issued." 5 Am.Jur.2d Arrest
§ 20, at 711 (1962); Annotation, Territorial Extent of Power ofArrest Under a Warrant, 61 A.L.R. 377, 380 (1929); 6A C.J.S.Arrest § 53(a) (1975); see §§ 15-9-30 through -49, Alabama Code 1975; see also Street v. Cherba, 662 F.2d 1037 (4th Cir. 1981);State v. Everett, 110 Ariz. 429, 431, 520 P.2d 301, 303 (1974),cert. denied, 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120
(1974); State v. Lyrek, 385 N.W.2d 248 (Iowa 1986); Berigan,2 Md. App. at 668-69, 236 A.2d at 744-45; Holbird v. State,650 P.2d 66 (Okla.Crim.App. 1982); State v. Lee, 48 Wn. App. 322, 738 P.2d 1081 (1987); cf. §§ 15-10-10 and -11 and 15-7-3
and -4, Ala. Code 1975; Barnes v. State, 337 So.2d 22, 29
(Ala.Crim.App. 1976) (DeCarlo, J., dissenting); Wilson v. State,99 Ala. 194, 13 So. 427 (1893).
The group of officers who arrested Morgan included officers from county and municipal law enforcement agencies in Florida and Alabama, the Federal Bureau of Investigation, and the United States Customs Service. To say that such a group of law enforcement officers could reasonably conclude that a foreign warrant had validity in Alabama and that a fugitive warrant was not necessary to arrest Morgan in his motel room is simply not supportable. The very face of these warrants would have given the law enforcement officers notice that they were invalid in Alabama.
The Fourth Amendment prohibits a law enforcement officer from entering a private residence without a warrant to make a routine felony arrest, absent probable cause and exigent circumstances. Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Welsh v. Wisconsin, 466 U.S. 740,104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).[1] It is a basic principle of Fourth Amendment law that searches and seizures inside a private residence without a warrant are presumptively unreasonable, Welsh, 466 U.S. at 749, *Page 845 104 S.Ct. at 2097; Coolidge v. New Hampshire, 403 U.S. 443,474-75, 91 S.Ct. 2022, 2042-43, 29 L.Ed.2d 564 (1971), and that the State has the burden of demonstrating exigent circumstances to rebut this presumption, Welsh, 466 U.S. at 750,104 S.Ct. at 2097; Payton, 445 U.S. at 586, 100 S.Ct. at 1380. The United States Supreme Court has recognized only a few categories of exigent circumstances justifying a warrantless search and seizure inside a private residence. E.g., United States v.Santana, 427 U.S. 38, 42-43, 96 S.Ct. 2406, 2409-10,49 L.Ed.2d 300 (1976) (hot pursuit of a fleeing felon); Schmerber v.California, 384 U.S. 757, 770-71, 86 S.Ct. 1826, 1835-36,16 L.Ed.2d 908 (1966) (destruction of evidence); Michigan v.Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486
(1978) (ongoing fire). This Fourth Amendment protection from warrantless search and seizure has been extended to motel rooms. United States v. Diaz, 814 F.2d 454 (7th Cir. 1987),cert. denied, 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120
(1987); see United States v. Bulman, 667 F.2d 1374 (11th Cir.) (for purpose of evaluating legality of a warrantless arrest, occupant of a motel room had an expectation of privacy in the room itself equivalent to that of a homeowner in his dwelling), cert. denied sub nom. Howard v. United States, 456 U.S. 1010,102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982). Because the State did not meet its burden of demonstrating exigent circumstances to justify a warrantless arrest of Morgan in his motel room, the State may not rely on this as a basis on which to introduce the evidence offered against Morgan.
Because the law enforcement officers did not have a fugitive from justice warrant, § 15-9-40, Ala. Code 1975, or other Alabama arrest warrant and because there is no showing of exigent circumstances to justify a warrantless entry into Morgan's motel room and his arrest there, the majority proposes to affirm the judgment of conviction on the basis of the "good faith" reasonable reliance exception to the exclusionary rule recognized by the United States Supreme Court in United Statesv. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The majority holds that the "fruit of the poisonous tree" doctrine does not exclude the evidence later obtained under warrant from Morgan's motel room because under Leon the arresting officers reasonably relied in "good faith" on the Florida arrest warrants to enter Morgan's motel room without his consent and arrest him.
I disagree with this extension of the "good faith" reasonable reliance exception of Leon. Not only are the facts of this case materially distinguishable from those of Leon, but the considerations of public policy that underlie the holding inLeon in no way support its application here.
In Leon, the United States Supreme Court substantially limited the exclusionary rule, holding that evidence obtained by law enforcement officers acting in reasonable reliance on a search warrant, which was issued by a detached and neutral magistrate but ultimately found to be defective, should not be excluded from the prosecution's case-in-chief. The Court reasoned that because of the high social costs of its application, the exclusionary rule should apply only in circumstances where it clearly serves its purpose of deterring police misconduct. Because it was the magistrate in Leon that erred in issuing the search warrant and because the police were entitled to reasonably rely in good faith on the sufficiency of the warrant issued by a detached and neutral judicial official, the Court concluded that the exclusionary rule should not apply because its application in those circumstances would not clearly deter police misconduct. Because the police in Leon reasonably relied in good faith on the defective search warrant issued by the magistrate, the Court held that the evidence obtained under the defective search warrant had been properly admitted.
Although courts applying the Leon doctrine have interpreted it broadly in cases of its kind, its application has been limited to the issuance of search warrants. E.g., United Statesv. Warner, 843 F.2d 401 (9th Cir. 1988); United States v.Alvarez, 810 F.2d 879 (9th Cir. 1987) (Leon does not apply to warrantless searches); United States v. Whiting, 781 F.2d 692,698 (9th Cir. 1986) ("good faith" exception of Leon not applicable beyond warrant context); United States v. Morgan, *Page 846 
743 F.2d 1158 (6th Cir. 1984) (rejecting application ofLeon to a warrantless home arrest), cert. denied,471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985).
Unlike Leon, this case does not concern the propriety of the issuance of a search warrant by a detached, independent magistrate and the reasonableness of a police officer's reliance thereon. The Fourth Amendment violation in Leon lay in the magistrate's improper issuance of a search warrant, not, as in this case, in the improper execution of two out-of-state arrest warrants. A key premise of the reasonableness of the reliance in Leon was the existence of an independent, detached magistrate on whose determinations, the Court said, the police were entitled to reasonably rely, even though mistaken. No such premise exists in the circumstances of this case.
The Court in Leon unambiguously stated that the exclusionary rule should be applied only in those circumstances where it is clear that its application will deter police misconduct — negligent, as well as wilful, misconduct. 468 U.S. at 919,104 S.Ct. at 3418. The nonconsensual entry of Morgan's motel room in Alabama on the basis of the two Florida arrest warrants was unreasonable and negligent. Furthermore, it is clear that the application of the exclusionary rule in the circumstances of this case would deter law enforcement personnel from similar violations of the Fourth Amendment. Therefore, in accordance with the reasoning of Leon, I think the exclusionary rule should apply to exclude the evidence obtained during the unlawful entry of Morgan's motel room.
The United States Supreme Court has made it clear that theFourth Amendment does not require the judgments of police officers to be correct; it only requires them to be reasonable.Illinois v. Rodriguez, 497 U.S. 177, 185-86, 110 S.Ct. 2793,2800, 111 L.Ed.2d 148 (1993); Leon, 468 U.S. at 918-26,104 S.Ct. at 3418-23. Any belief on the part of police that in the circumstances of this case they had authority on the basis of two Florida arrest warrants to enter Morgan's motel room in Alabama without his consent was simply unreasonable.
I conclude that the trial judge should have granted Morgan's motion to suppress the evidence seized in the motel room. Therefore, the Court of Criminal Appeals erred in affirming the conviction; because I would reverse that court's judgment, I respectfully dissent.
[1] The Fourth Amendment, however, does not require that a warrantless arrest in public rest upon the existence of exigent circumstances as well as probable cause. United States v.Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976);United States v. Hoyos, 892 F.2d 1387 (9th Cir. 1989), cert.denied, 498 U.S. 825, 111 S.Ct. 80, 112 L.Ed.2d 52 (1989) (warrantless and nonconsensual entry into suspect's home to make a routine felony arrest is prohibited; however, warrantless arrest of suspect in "public place" does not violate Fourth Amendment); Daniels v. State, 534 So.2d 628
(Ala.Crim.App. 1985), aff'd, 534 So.2d 656 (Ala. 1986), cert.denied, 479 U.S. 1040, 107 S.Ct. 898, 93 L.Ed.2d 850 (1987). The analysis here would differ greatly if the law enforcement officers in this case had waited to arrest Morgan after he left his motel room. Waldrop v. State, 462 So.2d 1021
(Ala.Crim.App.), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483,87 L.Ed.2d 618 (1984). *Page 1237