Present: All the Justices

ALLEN EDWARD SIDNEY, JR.

OPINION BY
v. Record No. 092313          JUSTICE LAWRENCE L. KOONTZ, JR.
                                      November 4, 2010
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Acting on an anonymous tip that there were arrest warrants outstanding for an individual who was at a particular location, police officers conducted an investigative traffic stop of the defendant's vehicle. In this appeal, we consider whether the tip provided reasonable suspicion to justify the stop.

Allen Edward Sidney, Jr. was indicted in the Circuit Court of the City of Petersburg for possession of cocaine in violation of Code § 18.2-250. Sidney was also charged with possession of marijuana in violation of Code § 18.2-250.1. Thereafter, Sidney filed a motion to suppress, claiming the stop of his vehicle, which resulted in his arrest and recovery of the illegal drugs, violated his rights as secured under the Fourth Amendment of the United States Constitution and Article 1, Section 10 of the Constitution of Virginia.* Following an

_____

    * The rights Sidney asserts under the Fourth Amendment are co-extensive with those rights afforded under Article 1, Section 10 of the Constitution of Virginia. El-Amin v. Commonwealth, 269 Va. 15, 19 n.3, 607 S.E.2d 115, 116 n.3 (2005); Lowe v. Commonwealth, 230 Va. 346, 348, 337 S.E.2d 273, 274 (1985). For purposes of this opinion we include

evidentiary hearing, the circuit court denied the motion.

Sidney entered a conditional guilty plea to the charges,

preserving for appeal the issues raised in his motion to

suppress.  Code § 19.2-254.

Upon appeal to the Court of Appeals, a judge of that

Court denied Sidney's petition for appeal in an unpublished

order.  Sidney v. Commonwealth, Record No. 2125-08-2 (August

19, 2009).  For the reasons stated in that order, a panel of

the Court subsequently denied Sidney's petition for appeal.

Sidney v. Commonwealth, Record No. 2125-08-2 (October 19,

2009).  We awarded Sidney this appeal.

BACKGROUND

Under familiar principles of appellate review, we will

state "the evidence in the light most favorable to the

Commonwealth, the prevailing party in the trial court, and

will accord the Commonwealth the benefit of all reasonable

inferences fairly deducible from that evidence."  Murphy v.

Commonwealth, 264 Va. 568, 570, 570 S.E.2d 836, 837

(2002)(applying this principle in a case involving a motion to

suppress evidence).  The evidence presented at the suppression

hearing showed that on December 14, 2007, Petersburg police

officer Dustin Sloan received a radio dispatch that an

Sidney's state constitutional rights in our discussion of his
federal constitutional rights.

2

anonymous "tip" had been called in to police headquarters. The tip reported that Sidney was at 1300 Patterson Street, driving a tan Jeep Cherokee with wood grain side paneling, and that there were outstanding warrants in the city for his arrest. The tip described Sidney as a black male, approximately 5'7" or 5'9" tall.

Upon arriving at 1300 Patterson Street, Officer Sloan observed a vehicle matching the tip's description parked in the driveway. Officer Sloan, who had never seen Sidney before, observed a man in the driver's seat of the vehicle. Officer Sloan "ran" the vehicle's license plate and discovered it was registered to Sidney's mother.

Meanwhile, Officer J.W. Schmidt was dispatched to 1300 Patterson Street "to locate a wanted subject" named "Allen Edward Sidney" for whom there were outstanding arrest warrants. The dispatcher described Sidney as a black male, with brown eyes and black hair, 5'3" tall, weighing 165 pounds, and with a birth date of "5-26-1974." The dispatcher also informed Officer Schmidt about a tan Jeep Cherokee with "30-day tags" in the driveway of 1300 Patterson Street.

While Officer Sloan waited for backup officers to arrive, the vehicle exited from the driveway and proceeded northbound on Patterson Street. As the vehicle drove past him, Officer Sloan saw the driver's head and arms. Officer Sloan notified

backup officers and followed the vehicle.  After backup officers joined him, Officer Sloan stopped the vehicle on the suspicion that the driver was wanted on outstanding arrest warrants.

Officer Schmidt then approached the driver's side of the vehicle and asked the driver for his license and the vehicle registration.  After identifying Sidney as the driver, Officer Schmidt radioed dispatch and confirmed that Sidney was the wanted subject.  Officer Schmidt then informed Sidney of the outstanding warrants and placed him under arrest.  A search incident to Sidney's arrest uncovered cocaine and marijuana.

At the suppression hearing, Officer Sloan testified that he had determined what the warrants were for prior to stopping the vehicle driven by Sidney, but could not recall if they were for felonies or misdemeanors.  Upon questioning by the circuit court, Officer Sloan admitted that he had not personally checked the police database to confirm that there were outstanding warrants for Sidney's arrest.  Officer Sloan explained that the dispatcher on duty verifies the existence of outstanding warrants.  He further explained that dispatch does not tell the officers in the field what the warrants are for, only that they exist.  Officer Schmidt corroborated this testimony when he testified without objection that dispatch had advised him that outstanding warrants existed for Sidney's

4

arrest.  In denying the motion to suppress, the court ruled that the dispatcher's knowledge of the existence of the outstanding warrants could be imputed to the officers.

DISCUSSION

Sidney contends that the Court of Appeals erred in upholding the circuit court's denial of his motion to suppress because the anonymous tip did not supply the reasonable suspicion necessary under the Fourth Amendment to justify the traffic stop.  He maintains that the record does not reflect that the police confirmed the existence of the outstanding warrants before stopping him, and even if they did, his seizure flowed entirely from an unreliable anonymous tip.

The Commonwealth responds that Sidney fails to view the evidence in the light most favorable to the Commonwealth. According to the Commonwealth, the police confirmed the existence of the outstanding warrants for Sidney's arrest before stopping the vehicle he was driving.  The Commonwealth asserts that this confirmation corroborated the information offered by the anonymous tip and provided the reasonable suspicion necessary to stop the vehicle.

Sidney's claim that he was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo.  Harris v. Commonwealth, 276 Va. 689, 694, 668 S.E.2d 141, 145 (2008); McCain v. Commonwealth, 275

5

Va. 546, 551, 659 S.E.2d 512, 515 (2008).  We give deference to the factual findings of the trial court but independently determine whether the manner in which the challenged evidence was obtained satisfies the requirements of the Fourth Amendment.  Harris, 276 Va. at 694, 668 S.E.2d at 145; Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004).  The defendant has the burden to show that, when viewing the evidence in the light most favorable to the Commonwealth, the trial court's denial of the motion to suppress was reversible error.  Harris, 276 Va. at 695, 668 S.E.2d at 145; Jackson, 267 Va. at 673, 594 S.E.2d at 598.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  While limited in its purpose and length, an investigative stop (commonly referred to as a "Terry stop"), such as the traffic stop in this case, constitutes a seizure within the meaning of the Fourth Amendment.  Delaware v. Prouse, 440 U.S. 648, 653 (1979); Harris, 276 Va. at 694, 668 S.E.2d at 144; Jackson, 267 Va. at 672, 594 S.E.2d at 598.  An investigative stop must be justified by reasonable suspicion, based upon specific and articulable facts, of criminal activity.  United States v. Sokolow, 490 U.S. 1, 7 (1989); Harris, 276 Va. at 694, 668 S.E.2d at 144; Jackson, 267 Va. at

6

672, 594 S.E.2d at 598.  Additionally, pursuant to "the fruit of the poisonous tree" doctrine, evidence seized during an illegal stop is not admissible at trial.  Harris, 276 Va. at 694, 668 S.E.2d at 145; Jackson, 267 Va. at 672, 594 S.E.2d at 598.

Although a less demanding standard than probable cause, reasonable suspicion is more than an unparticularized suspicion or "hunch."  Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000).  Whether reasonable suspicion exists depends on the "totality of the circumstances," which includes "the content of the information possessed by police and its degree of reliability."  Jackson, 267 Va. at 673, 594 S.E.2d at 598-99 (quoting Alabama v. White, 496 U.S. 325, 330 (1990)).

"[T]here are situations in which an anonymous tip, suitably corroborated, exhibits 'sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.' "  Florida v. J.L., 529 U.S. 266, 270 (2000) (quoting White, 496 U.S. at 327).  We explained in Harris:

> The analysis regarding the use of an anonymous tip to provide reasonable suspicion for an investigative stop was clarified by this Court in Jackson, in which we relied upon the United States Supreme Court's Fourth Amendment jurisprudence in [J.L.] and [White].  See Jackson, 267 Va. at 674-75, 594 S.E.2d at 599-600.  An anonymous tip has a relatively low degree of reliability, requiring more information to sufficiently corroborate the

7

information contained in the tip. See J.L., 529 U.S. at 270; Jackson, 267 Va. at 673, 594 S.E.2d at 599. . . .

The indicia of reliability of an anonymous tip may be bolstered when the tipster provides predictive information, which the police can use to test the tipster's basis of knowledge and credibility. Jackson, 267 Va. at 676, 594 S.E.2d at 600. However, for such predictive information to bolster the tipster's basis of knowledge or credibility, the information must relate to the alleged criminal activity.

276 Va. at 695-96, 668 S.E.2d at 145-46.

The facts of this case are distinguishable from the facts in Harris, Jackson, J.L., and White. Those cases involved whether the anonymous tip alone provided reasonable suspicion of criminal activity. See J.L., 529 U.S. at 268 (anonymous tip that a man at a bus stop was carrying a gun); White, 496 U.S. at 327 (anonymous tip that a woman possessed cocaine); Harris, 276 Va. at 693, 668 S.E.2d at 144 (anonymous tip that a driver was intoxicated); Jackson, 267 Va. at 670, 594 S.E.2d at 597 (anonymous tip that a passenger of a car was brandishing a firearm). Here, the tipster's knowledge of criminal activity is not at issue because, when viewing the police officers' testimony in the light most favorable to the Commonwealth, a reasonable inference must be drawn that the dispatcher verified the existence of the outstanding warrants for Sidney's arrest prior to the traffic stop and communicated that information to one of the officers. The dispatcher's

8

knowledge of the outstanding warrants is also imputed to the arresting officers in this case. See United States v. Hensley, 469 U.S. 221, 230-33 (1985).

It is not known whether these outstanding warrants were for felonies or misdemeanors. Nonetheless, "an officer has probable cause, and indeed the legal duty, to arrest upon knowledge of the existence of an unexecuted felony warrant for the suspect." Crowder v. Commonwealth, 213 Va. 151, 153, 191 S.E.2d 239, 240 (1972). Moreover, Code § 19.2-81(F) allows an officer to arrest "for an alleged misdemeanor not committed in his presence when the officer receives a radio message from his department . . . that a warrant or capias for such offense is on file." Because the police had probable cause to believe that Sidney had committed a crime and to arrest him when found, the only issue that remains is whether the police had reasonable suspicion that Sidney was driving the tan Jeep Cherokee. See Hayes v. Florida, 470 U.S. 811, 816 (1985)("if there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information").

In J.L., the United States Supreme Court stated that an anonymous tipster's "accurate description of a subject's

9

readily observable location and appearance is of course reliable in this limited sense:  It will help the police correctly identify the person whom the tipster means to accuse."  529 U.S. at 272.  The anonymous tipster in this case reported that Sidney – a black male, approximately 5'7" or 5'9" tall – was wanted and driving a tan Jeep Cherokee with wood grain side paneling at 1300 Patterson Street.  Officer Sloan arrived at that location and observed a black male in the driver's seat of a tan Jeep Cherokee with wood grain side paneling.  Officer Sloan also independently determined that the vehicle was registered to Sidney's mother.  Considering the totality of the circumstances, we conclude that Officer Sloan had reasonable suspicion to believe that Sidney was driving the vehicle.  Thus, the investigative stop for the limited purpose of establishing the driver's identity did not violate Sidney's Fourth Amendment rights.  See Adams v. Williams, 407 U.S. 143, 146 (1972) ("A brief stop of a suspicious individual, in order to determine his identity . . . may be most reasonable in light of the facts known to the officer at the time.").

CONCLUSION

For these reasons, we hold that the Court of Appeals did not err.  Accordingly, the judgment of the Court of Appeals will be affirmed.

<u>Affirmed</u>.