COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

ANTONIO WRIGHT

v.      Record No. 1238-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT P. FRANK
SEPTEMBER 17, 2019

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

Melissa I. Bray, Senior Assistant Public Defender, for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Antonio Wright was convicted in a bench trial of providing false information to the Sex

Offender and Crimes Against Minors Registry and two counts of failing to register as a violent sex

offender. On appeal, he argues that the evidence is insufficient to support his convictions because

"the Commonwealth failed to prove that appellant was previously convicted of a sexually violent

offense." For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

Chavez v. Commonwealth, 69 Va. App. 149, 153 (2018) (quoting Sidney v. Commonwealth, 280

Va. 517, 520 (2010)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The facts relevant to this appeal are uncontested. On April 9, 2003, in the Circuit Court for the City of Norfolk, Wright was convicted of carnal knowledge of a minor, in violation of Code § 18.2-63, and in an amended sentencing order entered April 28, 2005 was sentenced to five years of incarceration with three years suspended. As a result of his conviction, Wright was ordered to register with the Virginia State Police pursuant to Code § 19.2-298.1[1] within ten days of his release from confinement. Wright was required to re-register within ten days following any change of residence. The order also showed Wright's date of birth as June 17, 1972, making him thirty years old at the time of his conviction.

On June 13, 2003, Wright completed an SP 236, the "sex offender and crimes against minors registration form," provided by the Virginia State Police. The form includes Wright's social security number, date of birth, and photograph. It is noted on the form Wright had been convicted[2] of carnal knowledge of a minor, in violation of Code § 18.2-63, and that the victim was thirteen years old.

Between December 31, 2014, and August 1, 2016, Wright submitted five forms to the Virginia State Police. On each form, Wright signed his name next to the box labeled "Sexually Violent Offender."

Wright failed to re-register in September and October 2016 and failed to report his change of address on December 27, 2016.

---

[1] Code § 19.2-298.1 was repealed in 2003, and subsequently replaced by Code §§ 9.1-900 et seq.

[2] We do not include the evidence to support these charges because Wright does not contest these convictions, but only challenges the sufficiency of the evidence as to whether he was a violent sex offender.

ANALYSIS

On appeal, Wright contends the evidence was insufficient to prove that he was convicted of a violent sexual offense on April 9, 2003 in Norfolk Circuit Court.

When an appellant challenges the sufficiency of the evidence supporting a conviction, "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. When reviewing the sufficiency of the evidence, this Court "must . . . ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Cheung v. Commonwealth, 63 Va. App. 1, 8 (2014) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003)). "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might reach a different conclusion." Id. (quoting Conrad v. Commonwealth, 31 Va. App. 113, 123 (1999) (*en banc*)). "This deferential standard of review 'applies not only to the historical facts themselves, but [also to] the inferences from those facts.'" Bennett v. Commonwealth, 69 Va. App. 475, 492 (2018) (quoting Crowder, 41 Va. App. at 663 n.2).

Code § 9.1-902(E) defines a "sexually violent offense," in part, as a violation of Subsection A of § 18.2-63 where the perpetrator is more than five years older than the victim. A violation of § 18.2-63(B) is not a sexually violent offense.

Code § 18.2-63 in its present form states, in part:

> A. If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony.
>
> B. If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age who consents to sexual intercourse and the accused is a minor, and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony. If such consenting

child is less than three years the accused's junior, the accused shall be guilty of a Class 4 misdemeanor.

Wright's sole argument on appeal is that the conviction order of April 9, 2003 failed to state that he was convicted under subsection A. Wright correctly states that the order only shows a conviction under Code § 18.2-63 without indicating whether he was convicted under subsection A or B. Without such designation, he argues that the Commonwealth failed to prove a sexually violent offense and thus he could not be found guilty of violating Code § 18.2-472.1.[3]

Wright's argument ignores the provisions of Code § 18.2-63 at the time of the original conviction. That statute contained the exact same language as the present version, except for the lettered subparagraph.

Prior to July 1, 2007, Code § 18.2-63, in pertinent part, read as follows:

> § 18.2-63. Carnal knowledge of child between thirteen and fifteen years of age.
> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony. [now subsection A]
> However, if such child is thirteen years of age or older but under fifteen years of age and consents to sexual intercourse and the accused is a minor and such consenting child is three years or more the accussed's junior, the accused shall be guilty of a Class 6 felony. If such consenting child is less than three years the accused's junior, the accused shall be guilty of a Class 4 misdemeanor. [now subsection B]
> In calculating whether the child is three years or more a junior of the accused minor, the actual dates of birth of the child and the accused, respectively, shall be used.

---

[3] Code § 18.2-472.1 states in part:

> B. Any person convicted of a sexually violent offense or murder, as defined in § 9.1-902, who knowingly fails to register or reregister, or who knowingly provides materially false information to the Sex Offender and Crimes Against Minors Registry is guilty of a Class 6 felony. A second or subsequent conviction for an offense under this subsection is a Class 5 felony.

Clearly, since Wright was an adult when the offense occurred, the second paragraph could not apply. We are left with the first paragraph, which falls under the sexually violent offender definition.

Wright argues that he could have originally been convicted under what is now subsection B as part of a plea agreement. This argument is based on pure speculation. Hypotheses of innocence that must be excluded "are those which flow from the evidence itself, and not from the imaginations of defense counsel." Cook v. Commonwealth, 226 Va. 427, 433 (1983).

It should be noted that Wright acknowledged that he was a violent sex offender by initially registering every ninety days, as required by Code § 18.2-472.1. Between December 2014 and August 2016 he signed five forms with his signature next to the box labeled "Sexually Violent Offender."

We conclude that the evidence is sufficient to prove that Wright's prior conviction constituted a sexually violent offense and that he was required to register as a sexually violent offender. The judgment is affirmed.

Affirmed.