COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Alston and Decker
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

v.      Record No. 1840-17-2

SARAH BETH SMITH

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
MAY 1, 2018

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Monica J. Chernin (Law Offices of Monica J. Chernin, P.C., on
brief), for appellee.

Sarah Beth Smith (the defendant) was indicted for conspiracy to manufacture marijuana and

possession of marijuana with the intent to manufacture in violation of Code §§ 18.2-248.1(c)

and -256.[1]  The defendant filed a pretrial motion to suppress evidence, which she alleged was

obtained during an unlawful search.  After a hearing, the circuit court granted the motion and

suppressed the evidence.  Pursuant to Code §§ 19.2-398 and -400, the Commonwealth appeals that

pretrial ruling.

The Commonwealth contends, among other things, that the discovery of the evidence was

reasonable under the Fourth Amendment to the United States Constitution because the defendant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth also appeals the suppression order issued in the case concerning
the co-defendant, Clint Wayne Cockrill.  See Commonwealth v. Cockrill, No. 1841-17-2
(Va. Ct. App. Jan. 9, 2018).  The Court resolves the appeals in separate, simultaneously issued
opinions.

did not challenge the presumption that the search warrant was valid and supported by probable cause. The record, viewed under the appropriate legal standard, supports the conclusion that the circuit court erred because the evidence against the defendant was obtained through an unchallenged search warrant. Consequently, we reverse the circuit court's ruling suppressing the evidence and remand the case for further proceedings consistent with this opinion.

## I.  BACKGROUND[2]

On March 29, 2016, Detective Kelly Mills, an investigator with the Spotsylvania County Sheriff's Office, received information from an anonymous caller. The caller claimed that Clint Cockrill was growing marijuana, had been convicted of sex crimes against a child, and was possibly living with children at a certain address. Through her investigation, Mills learned that the defendant lived at the given address, was married to Cockrill, and had children. In addition, a guardian *ad litem* informed Mills of concerns over the welfare of the defendant's children and possible marijuana in the home. The children's father told Mills that the children had described marijuana growing in the basement of the residence. The detective decided to conduct a "welfare check" with the "Narcotics Unit . . . on standby."

On April 14, 2016, Detective Mills, six narcotics investigators, Joanna Abe (the guardian *ad litem* assigned to the case), and Amanda Ball from Child Protective Services went to the defendant's listed residence. When law enforcement parked in front of the home, the smell of marijuana emanated from the open front door of the house to the street. As the officers approached the front door on foot, the smell got stronger.

---

[2] On review of a ruling on a motion to suppress, this Court views the evidence in the light most favorable to the party who prevailed below, in this case the defendant. See Commonwealth v. Smith, 281 Va. 582, 588, 709 S.E.2d 139, 141 (2011); Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992). This Court is "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." Scott v. Commonwealth, 68 Va. App. 452, 458, 809 S.E.2d 254, 257 (2018) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)).

Detective Mills spoke with the defendant at the front door. She asked about Cockrill, and the defendant informed her that he was not at home. Mills, Abe, Ball, and at least four narcotics officers entered the home. Law enforcement had no specific information that Cockrill was present and did not hear sounds indicating anyone moving around in the house hidden from view. Nonetheless, the officers conducted a "sweep" of the rooms looking for anyone there with a gun. While doing so, they came upon a locked door to a room in the basement.

At that point, one law enforcement officer remained at the locked door while Detective Gregory Hamilton, with the Spotsylvania County Sheriff's Office, obtained a search warrant. Once Hamilton returned with the search warrant, law enforcement searched the house and found "what appeared to be [a] marijuana grow" in the locked room. As a result, the defendant was indicted for conspiracy to manufacture marijuana and possession of marijuana with the intent to manufacture it.

The defendant filed a pretrial motion to suppress evidence. In her motion, she argued that the protective sweep was an illegal search. The defendant suggested that "the evidence found during the protective sweep" should be suppressed as the product of an illegal search and "all other evidence" should be suppressed "as 'fruits of the poisonous tree.'" The defendant did not challenge the search warrant.[3] The circuit court granted the motion to suppress, which resulted in this pretrial appeal.

## II. ANALYSIS

On appeal of an order granting a defendant's motion to suppress evidence, the Commonwealth has the burden to show that the ruling constituted reversible error. See Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002). When reviewing this ruling, the

---

[3] Indeed, the prosecutor pointed this out during argument, and the defendant still did not challenge the warrant's validity during rebuttal.

appellate court is bound by the circuit court's findings of fact unless "plainly wrong or without evidence to support them." Gregory v. Commonwealth, 64 Va. App. 87, 93, 764 S.E.2d 732, 735 (2014) (citing Code § 8.01-680). Further, we "give due weight to the inferences drawn from [the] facts" by the circuit court judge and law enforcement. Scott v. Commonwealth, 68 Va. App. 452, 458, 809 S.E.2d 254, 257 (2018) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). Ultimately, however, the Court reviews *de novo* the overarching question of whether a search or seizure violated the Fourth Amendment. Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008).

The Commonwealth argues that the marijuana and related evidence discovered pursuant to the search warrant were admissible because the defendant did not challenge the warrant below.[4] Applying the proper standard of review to the facts in the record, we hold that the circuit court erred in granting the motion to suppress because the officers obtained the marijuana and other inculpatory evidence through the unchallenged search warrant. Therefore, we reverse the circuit court's ruling.

The defendant's motion to suppress challenged only the protective sweep. See, e.g., Russell v. Commonwealth, 33 Va. App. 604, 609, 535 S.E.2d 699, 701 (2000) ("At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving the *challenged action* did not violate the defendant's constitutional rights." (Emphasis added)). As far as we can discern, law enforcement did not observe "any contraband" or seize anything during the sweep. In contrast, the search conducted pursuant to the warrant yielded evidence of a "marijuana grow," including marijuana plants. The defendant did not challenge the search warrant and specifically conceded that probable cause for a search warrant existed before law enforcement approached the

---

[4] The Commonwealth argues in the alternative that the protective sweep was constitutional, the good-faith exception to the exclusionary rule should apply, and the suppression order was erroneously broader than the letter opinion's holding. We do not consider these arguments in light of our holding that the challenged evidence was discovered pursuant to the unchallenged search warrant.

house.[5]  See generally Logan v. Commonwealth, 47 Va. App. 168, 172 n.4, 622 S.E.2 771, 773 n.4 (2005) (noting that a concession can constitute a waiver).

The law is well established that we presume the validity of a search conducted by law enforcement "pursuant to a warrant issued by a magistrate."  Felton v. Commonwealth, 56 Va. App. 43, 48, 690 S.E.2d 318, 321 (2010).  "[T]he inclusion of tainted evidence does not [necessarily] invalidate" the warrant.  Williams v. Commonwealth, 26 Va. App. 612, 619, 496 S.E.2d 113, 116 (1998) (quoting United States v. Wright, 991 F.2d 1182, 1186 (4th Cir. 1993)).  "[S]uppression is not required 'if, excluding the illegally obtained information, probable cause for the issuance of the warrant could still be found.'"  Id. (quoting United States v. Apple, 915 F.2d 899, 910 (4th Cir. 1990)).

In determining whether an "affidavit was sufficient to support the search warrant," the reviewing court "must look to the totality of the circumstances."  Hicks v. Commonwealth, 281 Va. 353, 359, 706 S.E.2d 339, 342 (2011).  "[W]hen 'there is a fair probability that contraband or evidence of a crime will be found in a particular place," probable cause exists to support the warrant.  Id. (quoting Jones v. Commonwealth, 277 Va. 171, 178, 670 S.E.2d 727, 731 (2009)).

Although the defendant challenged the protective sweep as unconstitutional, she was not precluded from also challenging the search warrant as lacking sufficient probable cause to justify the search after redacting references to information obtained due to the allegedly impermissible protective sweep.  The defendant, however, did not make such a challenge, either in her written

---

[5] The defendant suggested that the passage of time between the anonymous call to Mills and her "welfare check" cast doubt upon her motive.  However, "circumstances occurring substantially before the issuance of a search warrant can justify the issuance of the warrant . . . if such past circumstances disclose 'a probable cause' of continuous nature so as to support a rational conclusion that the past probable cause is still operative at the time of the issuance of the warrant."  Pierceall v. Commonwealth, 218 Va. 1016, 1021, 243 S.E.2d 222, 225 (1978) (quoting Sgro v. United States, 287 U.S. 206, 210-11 (1932)).  The warrant and supporting affidavit were not introduced into evidence.  However, the record makes clear that the probable cause relates to growing marijuana in the basement of the residence.

motion or during the hearing.  See Code § 19.2-266.2 (requiring a defense motion to suppress evidence on Fourth Amendment grounds to be in writing); see also McGhee v. Commonwealth, 280 Va. 620, 625 n.3, 701 S.E.2d 58, 60 n.3 (2010) (noting that a trial court "may, for good cause shown and in the interest of justice, grant leave for a defendant to amend a motion to suppress").  The record before us makes clear that the defendant did not challenge the magistrate's determination of probable cause, as reflected by issuance of the search warrant.  See generally Gregory, 64 Va. App. at 91, 94-95, 764 S.E.2d at 734-36 (holding that the appellant's general allegation of a violation of her Fifth Amendment rights in her motion to suppress did not sufficiently raise the claim of an unlawful custodial interrogation under Miranda v. Arizona, 384 U.S. 436 (1966)).  Accordingly, the defendant did not rebut the presumption of validity of the warrant, and the circuit court erred by granting the motion to suppress the evidence obtained pursuant to the search warrant.[6]

### III.  CONCLUSION

We hold that the record, viewed under the appropriate legal standard, establishes that the inculpatory evidence was discovered pursuant to a search warrant.  The defendant did not challenge the validity of the warrant in the circuit court.  Consequently, we reverse the circuit court's ruling suppressing the challenged evidence, and we remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

---

[6] At this time, we are not asked to decide whether the defendant would be precluded from filing an additional motion to suppress the evidence on remand.  See generally Cole v. Commonwealth, 294 Va. 342, 353, 806 S.E.2d 387, 393 (2017) (holding that this Court is authorized to reconsider a constitutional issue raised in a pretrial appeal later on direct appeal following a conviction).