UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

TODD PATRICK WEATHERSBY

                                                MEMORANDUM OPINION* BY
v.          Record No. 1325-17-1              JUDGE ROSEMARIE ANNUNZIATA
                                                OCTOBER 9, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

F. Daniel Mazzio, III, Deputy Public Defender, for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on brief), for appellee.


Appellant entered a conditional guilty plea pursuant to North Carolina v. Alford, 400

U.S. 25 (1970), to a charge of possession of cocaine, reserving his right to appeal the trial court's

denial of his motion to suppress.  Appellant contends that a police officer unlawfully frisked him

for weapons and removed a glass tube from his pocket.  We find that the officer had a reasonable

basis for frisking appellant but lacked probable cause to remove the tube from his pocket.  Thus,

we reverse his conviction.

BACKGROUND

At about 1:30 a.m. on September 23, 2016, Hampton Police Officer Adam Komatz

responded to a dispatch regarding a larceny at a Walmart store in Hampton.  The security guard

at the store told Komatz that the suspect was a white male with facial hair who ran from the store

with a shopping bag toward a U-Haul business adjacent the Walmart parking lot.  The guard did

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not indicate that the suspect was armed. Komatz and another officer went to the U-Haul lot. Within five to ten minutes of speaking with the security guard, Komatz observed "two sets of feet in between a couple of the U-Haul trucks." Komatz saw a white male wearing "a gray long-sleeved shirt and shorts," who was "crouched down" and "start[ing] to weave in and out of" the trucks. The man, later identified as appellant, left the area before the officer could speak with him. The other set of feet belonged to a woman who remained on the scene and willingly spoke to the officers. Komatz did not pursue appellant at that time.

A short time later, Komatz received a radio transmission indicating that "there was a suspect that jumped a fence into the back side of" a nearby bowling alley. After arriving at the bowling alley, Komatz received another report that the suspect was running "back towards the bowling alley parking lot." At approximately 2:00 a.m., Komatz saw appellant "sprinting across the parking lot." Appellant was wearing the same clothes Komatz had seen earlier at the U-Haul lot. Komatz wanted "to make contact and stop [appellant] to figure out what's going on." When Komatz "got within an arm's reach," appellant "jumped backwards" into some four-foot-high bushes that lined the property.

Komatz pulled appellant from the bushes, placed him in handcuffs, and detained him while he continued to investigate. Komatz walked appellant to his police car, which was about fifty feet away. Komatz intended to hold appellant in the vehicle while other officers arranged a show-up identification with the Walmart security guard. Komatz conducted a pat-down search before placing appellant in the car "to make sure that there were no weapons on him." During the pat down, Komatz felt "a round cylindrical tube" in appellant's back pants pocket. Komatz put on a pair of gloves before he pulled the item out of appellant's pocket. The item was a smoking device that tested positive for cocaine.

Appellant moved to suppress the evidence, challenging his initial detention, the pat-down search, and the removal of the glass tube from his pocket. The prosecutor, however, believed that appellant's written motion had addressed only his detention and did not ask Officer Komatz at the suppression hearing about his basis for removing the tube. When appellant asked the trial court whether the denial of the suppression motion included a ruling on the "immediately apparent contraband issue," the prosecutor offered to recall Komatz to provide additional evidence. Without hearing further evidence or argument, the court stated that the pat down was justified and that the officer's testimony was sufficient to pursue a "fuller" search, which led to finding the contraband.

ANALYSIS[1]

The denial of a motion to suppress evidence is reviewed on appeal in the light most favorable to the Commonwealth with the benefit of all reasonable inferences fairly deducible from that evidence accorded to the Commonwealth. See Sidney v. Commonwealth, 280 Va. 517, 520, 702 S.E.2d 124, 126 (2010). The appellant must show that the denial of the suppression motion was reversible error. Id. at 522, 702 S.E.2d at 127. The appellate court is

---

[1] Citing Code § 19.2-266.2, the Commonwealth argues that appellant has waived his claims regarding the pat-down search and the seizure of the glass tube because he did not include them in his written suppression motion. However, appellant argued these points at the suppression hearing, and the trial court ruled on them. The Commonwealth's reliance on Gregory v. Commonwealth, 64 Va. App. 87, 764 S.E.2d 732 (2014), is misplaced because the trial court in that case specifically found that the defendant's Fifth Amendment claim, which she argued for the first time at the suppression hearing, was waived because her written motion only raised a Fourth Amendment claim. This Court affirmed the trial court's ruling. Id. at 95, 764 S.E.2d at 736. Here, by ruling on all of appellant's claims, the trial court implicitly found that there was no waiver. The Commonwealth also contends that the trial court did not make the required finding of good cause to excuse the waiver, but the Commonwealth did not ask the trial court for a ruling on good cause. Accordingly, we find that appellant's claims are not waived. Cf. Neal v. Commonwealth, 27 Va. App. 233, 236 n.1, 498 S.E.2d 422, 424 n.1 (1998) (stating that when the Commonwealth failed to object to the timeliness of a suppression motion and the judge ruled on the merits of the motion in favor of the Commonwealth, the issue of timeliness was moot on appeal).

bound by the circuit court's findings of fact unless "plainly wrong or without evidence to support them." Gregory v. Commonwealth, 64 Va. App. 87, 93, 764 S.E.2d 732, 735 (2014). This Court gives deference to the trial court's findings of fact, but reviews *de novo* the trial court's application of the law to the particular facts of the case. Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008).

Whether police conduct violates the Fourth Amendment hinges on the reasonableness of the conduct, as the Constitution "condemns only 'unreasonable' searches and seizures." Kyer v. Commonwealth, 45 Va. App. 473, 480, 612 S.E.2d 213, 217 (2005) (*en banc*). Appellant argues that Officer Komatz did not have reasonable suspicion to conduct a pat-down search because there was no evidence that appellant was armed and dangerous. "[A] mere hunch does not create reasonable suspicion, [but] the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." Bland v. Commonwealth, 66 Va. App. 405, 413, 785 S.E.2d 798, 801-02 (2016) (internal quotation marks and citations omitted). Whether reasonable suspicion exists "is an objective question that does not turn on the subjective thoughts of an individual officer or detective." Mason v. Commonwealth, 291 Va. 362, 368, 786 S.E.2d 148, 151 (2016). In making that determination, a court's review must be "based on an assessment of the totality of the circumstances." Harris v. Commonwealth, 276 Va. 689, 695, 668 S.E.2d 141, 145 (2008). Relevant circumstances include "the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." Christian v. Commonwealth, 33 Va. App. 704, 714, 536 S.E.2d 477, 482 (2000) (*en banc*) (footnote omitted).

In this case, Komatz observed appellant at about 1:30 a.m. "crouching down" behind trucks in a U-Haul parking lot adjacent to a Walmart where a recent larceny had been reported.

- 4 -

Appellant fled before the officer could speak with him. Komatz then saw appellant run through another nearby parking lot and jump into some bushes when Komatz was "within an arm's length" of him. Komatz had to pull appellant out of the bushes before he detained him. "'[U]nprovoked flight upon noticing the police,' . . . 'is certainly suggestive' of wrongdoing and can be treated as 'suspicious behavior' that factors into the totality of the circumstances." District of Columbia v. Wesby, 138 S. Ct. 577, 587 (2018) (quoting Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000)). Thus, the initial detention was constitutionally permissible.

"Once an officer has lawfully stopped a suspect, he is 'authorized to take such steps as [are] reasonably necessary to protect [his and others'] personal safety and to maintain the status quo during the course of the stop.'" Servis v. Commonwealth, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988) (alterations in original) (quoting United States v. Hensley, 469 U.S. 221, 235 (1985)). A police officer may conduct a limited search of an individual who has been detained but not arrested to ensure that the officer is not subjected to danger. See Moore v. Commonwealth, 25 Va. App. 277, 283, 487 S.E.2d 864, 867 (1997). "[S]ociety's concern for the safety of law enforcement officials when they are 'conducting [their] duties is of paramount importance.'" Id. (quoting Harris v. Commonwealth, 241 Va. 146, 151, 400 S.E.2d 191, 194 (1991)). Accordingly, an officer does not conduct an unlawful search for weapons

> [w]here he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. *The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.*

Id. at 284, 487 S.E.2d 867 (emphasis added) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

The purpose of the pat down was to ensure that appellant had no weapons before Komatz placed him in his police car while arrangements were made with the Walmart security guard to

do a show-up identification. "Certainly, it is reasonable that the officer, who has a legitimate reason to so detain that person, is interested in guarding against an ambush from the rear [or any other angle]." Id. at 285, 487 S.E.2d at 868. Thus, Baker v. Commonwealth, 57 Va. App. 181, 700 S.E.2d 160 (2010), is distinguished because in that case the officer stated that he always patted down pedestrians or bicyclists after he stopped them. This Court held that the pat down was not justified because it was not based on particular facts confronting the officer. Id. at 192-93, 700 S.E.2d at 165. Other jurisdictions have upheld pat-down searches in circumstances similar to appellant's case. See Byrd v. State, 458 A.2d 23, 25 (Del. 1983); State v. Steed, 75 N.E.3d 816, 826 (Ohio App. 2016). We find that the frisk of appellant was reasonable.

Appellant also argues that Officer Komatz lacked probable cause to remove the glass tube from his pants pocket because it was not "immediately apparent" that the item was a weapon or contraband. We agree.

"Probable cause 'is not a high bar,'" Wesby, 138 S. Ct. at 586 (quoting Kaley v. United States, 134 S. Ct. 1090, 1103 (2014)), and "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," id. (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). It is not necessary that "the officer must be possessed of near certainty as to the seizable nature of the items." Texas v. Brown, 460 U.S. 730, 741 (1983). An officer is justified in removing an object from a subject during a pat-down search under the "plain feel" doctrine if he determines that the object is a weapon or contraband. Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993). Assessing whether probable cause existed to remove the object depends on "the totality of the circumstances," not just what the officer felt during the pat down. Cost v. Commonwealth, 275 Va. 246, 251, 657 S.E.2d 505, 507 (2008).

Komatz testified that he felt "a round cylindrical tube" in appellant's back right pocket while patting him down and "actually placed gloves on before pulling the item out." The

Commonwealth contends that the reasonable inference from the officer's donning of gloves was that he concluded that the cylindrical tube contained illegal drugs. However, Komatz did not say that he suspected that the tube could be drug paraphernalia. There was no evidence that appellant was a drug user or that the area in which he was detained was a known drug area.[2] Komatz also did not say that he suspected the object he felt was a weapon, and there was no evidence that the Walmart thief had been armed.

Further, the "plain feel" doctrine applies only when the object at issue is immediately recognized as being illegal. See Cauls v. Commonwealth, 55 Va. App. 90, 100, 683 S.E.2d 847, 851-52 (2009). "It is not sufficient probable cause to seize an item from inside the suspect's clothing if the officer has no more than an educated 'hunch' . . . that the item might be contraband." Id. at 100, 683 S.E.2d at 852 (quoting Cost, 275 Va. at 252, 657 S.E.2d at 508). A "round cylindrical tube" is not by itself immediately apparent as contraband. See id. at 101-02, 683 S.E.2d at 852 (holding that a police officer lacked probable cause to remove a knotted and frayed plastic baggy corner from the pocket of defendant's pants because it was not immediately apparent that the baggy held illegal drugs); see also Cost, 275 Va. at 254, 657 S.E.2d at 509 (holding that officer impermissibly removed capsules from defendant's pocket because he could not immediately determine from the pat-down search that the capsules were illegal narcotics); Murphy v. Commonwealth, 264 Va. 568, 574, 570 S.E.2d 836, 839 (2002) (finding that a police officer lacked probable cause to take a plastic bag from defendant's pocket because the officer's "sense of touch revealed only that there was a plastic bag in [defendant's] pocket, and thus his "conclusion that the bag contained marijuana was not based on his tactile perception of the bag's contents").

---

[2] Komatz testified only that "a lot of homeless" persons congregated in the wooded area near the U-Haul parking lot.

The record does not support the trial court's conclusion that Komatz permissibly removed the tube from appellant's pocket following the lawful pat-down search for weapons. We find that the trial court erred in denying appellant's motion to suppress, and we reverse his conviction for possession of cocaine.

Reversed and remanded.