COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Causey and Chaney
Argued by videoconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.      Record No. 1808-24-1                          JUDGE DORIS HENDERSON CAUSEY
                                                                    MARCH 21, 2025
JOSEPH R. NEWSOME, JR.


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph C. Lindsey, Judge

John A. Fisher, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

(Eric P. Korslund; Law Office of Eric Korslund, P.L.L.C., on brief),
for appellee.


Police observed a gray Nissan speeding on a roadway in the city of Norfolk, Virginia.

Officers followed the vehicle, ran the vehicle's registration, and discovered that the vehicle's

registered owner (a woman) had a suspended license. Based on the knowledge available to the

officers at the time, they engaged their lights and proceeded to pull over the driver to further

investigate the incident. Upon approaching the vehicle, they observed the driver was not the

registered owner, but Joseph Newsome. Officers asked to see Newsome's license, which he

admitted he did not have. Officers then requested Newsome step out of the vehicle and observed

signs of intoxication, searched the vehicle, and found narcotics and a firearm. As a result of the

stop, Newsome was charged with possession of a firearm by a convicted felon, possession with

intent to distribute a Schedule I or II narcotic, and possession of a firearm while also possessing a

controlled substance. Newsome moved to suppress all evidence resulting from his interactions with

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

officers that night, which the circuit court granted. The Commonwealth now appeals that decision, alleging the court erred in ruling that the officers lacked a reasonable, articulable suspicion to stop and continue their detention of Newsome. We agree and reverse the decision of the circuit court.

BACKGROUND

On February 11, 2024, around 4:00 a.m., Norfolk Police Officers Seth Williams and David Abbey were on patrol in the 7400 block of Chesapeake Boulevard when they observed a gray Nissan that *appeared* to be speeding. It was a rainy night, and road conditions were wet. The officers ran the car's license plate through VCIN/NCIC[1] and learned that the owner of the vehicle, Essence Shanay Lminggo (female), had a suspended license. Officer Williams activated his lights and siren to initiate a traffic stop. He later testified that the vehicle did not come to a complete stop right away but traveled approximately half a mile before stopping on a side street. During that time, Officer Williams observed furtive movement "from the driver towards the glove box area of the vehicle."

After the Nissan finally stopped, Officer Williams approached the driver, a male, and asked if he was licensed to drive. The driver, later identified as Newsome, replied that he did not have a license; Officer Williams asked him to step out of the vehicle. Officer Williams noted that Newsome had an odor of alcohol about his person, glossy eyes, and slurred speech. Officer Williams asked Newsome if he could look inside the vehicle, and Newsome said "yeah." Upon a search of the car, Officer Williams "looked in the area where [he] observed the furtive movement earlier," and located a firearm and suspected illegal narcotics. Newsome was charged with possession of a firearm by a convicted felon, possession with intent to distribute a Schedule I or II narcotic, and possession of a firearm while also possessing a controlled substance.

---

[1] VCIN stands for the "Virginia Criminal Information Network," and NCIC stands for the "National Crime Information Center."

Newsome filed a motion to suppress, and the trial court conducted a hearing on the motion on October 28, 2024. During the hearing, Officer Williams's bodycam and the dashcam video were played for the trial court. Officer Williams can be heard on the dashcam video referencing the car's observed excessive speed before activating his lights and siren.

Newsome argued that the officers did not have a reasonable suspicion for the traffic stop, because when they activated their lights and siren the only information they had was that the driver was not licensed. The Commonwealth responded that the officers had reasonable suspicion under the United States Supreme Court's decision in *Kansas v. Glover*, 589 U.S. 376 (2020).[2]

Moreover, the Commonwealth argued that the driver of the vehicle did not immediately stop the car and instead drove another 45 seconds for half a mile, while making furtive movements inside the vehicle. After the car stopped, Officer Williams immediately asked Newsome if he was licensed to drive and learned that Newsome did not have a license, which gave the officer reasonable suspicion to extend the stop. Finally, Officer Williams testified that he noticed an odor of alcohol about Newsome's person after asking him to exit the vehicle.

The trial court granted the suppression motion. The court specifically stated that it had asked to look at the dashcam video because it was "very interested in seeing if there was any discussion whatsoever about a car speeding" and expressly found that "there was not." This appeal follows.

---

[2] *Glover* holds that it is reasonable for an officer to infer, absent objective facts to the contrary, that the registered owner of a vehicle is the person driving his car and that such inference would provide reasonable suspicion supporting a brief investigatory stop.

ANALYSIS

I. Officers possessed the requisite reasonable articulable suspicion to conduct the traffic stop.

The Commonwealth argues that the circuit court erred in ruling that the officers lacked a reasonable, articulable suspicion to stop and continue their detention of Newsome. We agree.

On appeal, we view the evidence in the light most favorable to the prevailing party when reviewing a trial court's ruling to grant a motion to suppress. *Jones v. Commonwealth*, 279 Va. 521, 527 (2010). Here, Newsome is the prevailing party below. We grant all reasonable inferences deducible from the evidence unless it is plainly wrong or without evidence to support it and apply a de novo standard of review to the "trial court's application of defined legal standards such as probable cause or reasonable articulable suspicion." *Hayes v. Commonwealth*, 29 Va. App. 647, 652 (1999). "It is the appellant's burden to show that when viewing the evidence in such a manner, the trial court committed reversible error." *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017). In conducting our review, we are "bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence," however, we review "the trial court's application of the law de novo." *Malbrough v. Commonwealth*, 275 Va. 163, 168-69 (2008). "While we are bound to review *de novo* the ultimate questions of reasonable suspicion and probable cause, we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (alteration in original) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

In order to make a valid investigatory stop—as here—an officer needs to demonstrate reasonable, articulable, and particularized suspicion that someone is engaged in criminal activity to justify these investigatory interactions. *United States v. Sprinkle*, 106 F.3d 613, 617 (4th Cir. 1997). As a general rule, an officer observing the act of speeding may be a valid justification for a traffic

stop. *Whren v. United States*, 517 U.S. 806, 810 (1996). In the absence of the use of radar, for the Commonwealth to establish an officer's observation of speeding, "the record must show both that the witness has sufficient knowledge of time and distance to determine speed, and that the witness observed the vehicle in motion over a period of time and distance adequate to make that determination." *Greenway v. Commonwealth*, 254 Va. 147, 152 (1997).

Here, Officer Williams's statements regarding his observation of Newsome speeding were properly established because they regularly patrolled this particular roadway for speeding. Williams testified that the area has a speed limit of 35 miles per hour and that he knows what "35-mile-per-hour speed looks like throughout that area." In compliance with our precedent in *Greenway*, Williams properly established his familiarity with the area as to what time and distance should look like in the area to make a proper estimation of Newsome's speed.

When the circuit court granted Newsome's motion to suppress, it explicitly found that there was no discussion recorded by the dash camera of the officers discussing Newsome's speed. However, the recordings of the officers in the video specifically mention the Nissan's high speed before they activated their lights and siren. Therefore, the circuit court's findings of facts are plainly wrong as supported by the evidence. *See Gregory v. Commonwealth*, 64 Va. App. 87, 93 (2014) ("The trial court's findings of fact are not disturbed unless plainly wrong or without evidence to support them." (citing Code § 8.01-680)).

II. <u>Officers made a valid stop of the Nissan, under the theory that the driver of the vehicle was operating the vehicle on a suspended license.</u>

Independent from Newsome's speed, the issue of the suspended license was also a valid justification for the investigatory stop and subsequent seizure in accordance with *Kansas v. Glover*, 589 U.S. 376 (2020). In *Glover*, the Supreme Court held that it is reasonable for an officer to infer—absent objective facts to the contrary—that the registered owner of a vehicle is the person driving his car and that such inference would provide reasonable suspicion supporting a brief

investigatory stop. *Id.* at 380. In *Glover*, the defendant driver was operating a motor vehicle— registered in his name—while driving on a suspended license. *Id.* at 379. The officer ran the registration and began a traffic stop, having assumed that the driver of the vehicle would be the same individual the vehicle was registered to. *Id.* Such a stop is valid so long as the officer "drew the commonsense inference that [defendant] was likely the driver of the vehicle" and that this conclusion "provided more than reasonable suspicion to initiate the stop." *Id.* at 381.

In our Commonwealth, it is permissible for an officer to execute a stop and seizure if the officer can demonstrate "at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law[.]" *Mitchell v. Commonwealth*, 73 Va. App. 234, 246 (2021) (internal citations omitted). "[A]n officer's belief that the registered owner [of a suspect vehicle] is the driver of the car is a 'commonsense inference . . . , which provide[s] more than reasonable suspicion to initiate the stop[]' under the Fourth Amendment." *Id*. at 249 (third, fourth, and fifth alterations in original) (quoting *Glover*, 589 U.S. at 381).

It is true that a suspected suspended license alone does not rise to the level of reasonable suspicion for a lawful seizure, as a totality of the circumstances analysis is still required. *Id.* "Accordingly, if facts known to an officer negate the commonsense inference that the registered owner is in the car, the fact that the registered owner is subject to seizure does not provide an officer with sufficient reasonable, articulable suspicion to stop the vehicle." *Id*. at 249-50. However, as here, any facts known to the officers that Newsome was not the registered owner of the car would not have been available to them until after the stop and ensuing investigation had begun, due to the time of day and weather conditions making visibility into the vehicle difficult. As we have reached the threshold question of whether the initial stop and subsequent search, arrest, and seizure were all valid, we will not weigh questions of establishing rules for when an officer's investigatory duties

cease.  "The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (citations omitted).[3]

CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[3] Our holding is limited to the reasonable suspicion issue and does not bar Newsome from filing a suppression motion on other grounds stemming from the case at bar.